**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5131**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GODWIN ASIFO,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:09-cr-00032-CMH-1)

Submitted: August 31, 2011          Decided:  September 6, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Flax, Richmond, Virginia, for Appellant.   Neil H.
MacBride, United States Attorney, Jack Hanly, Marla Tusk,
Assistant United States Attorneys, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Godwin Asifo was convicted of two counts of mail fraud and one count of wire fraud. The Government moved to dismiss two additional counts of mail fraud before the jury resolved them. The district court sentenced Asifo to fifty-seven months' imprisonment, the bottom of the Guidelines range. Asifo appeals his sentence. Finding no error, we affirm.

This court reviews Asifo's sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). Our review requires a consideration of both the procedural and substantive reasonableness of a sentence. Id. We afford within-Guidelines sentences a presumption of reasonableness. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010).

First, Asifo argues that he was impermissibly held accountable for a loss amount that was not submitted to the jury and included acquitted conduct. He relies on United States v. O'Brien, 130 S. Ct. 2169, 2174-75 (2010), and Apprendi v. New Jersey, 530 U.S. 466, 499 (2000). This argument is without merit. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by

2

the jury's verdict." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). Here, the jury verdict authorized a sentence up to twenty years' imprisonment. See 18 U.S.C. §§ 1341, 1343 (West Supp. 2011). Asifo's fifty-seven-month sentence was well within the authorized range.

Next, Asifo asserts that the district court erred when it considered the conduct charged in the dismissed counts in determining the loss amount and in applying a role in the offense enhancement. However, the evidence was relevant conduct, and the district court was permitted to consider it. See United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009). Accordingly, the district court did not clearly err in calculating Asifo's total offense level. See United States v. Mehta, 594 F.3d 277, 281 (4th Cir.) (stating standard of review), cert. denied, 121 S. Ct. 279 (2010).

Asifo also contends that the district court "unreasonably denied a downward deviation." He argues that the district court should have granted a downward departure: (1) pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K2.20 (2008), because his offense was aberrant behavior; (2) pursuant to USSG § 5H1.4 because of his poor health; and (3) because he has exhibited post-conviction rehabilitation. This court lacks authority to review a sentencing court's decision not to depart downward "unless the court failed to understand its authority to

3

do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Asifo has not alleged the district court failed to understand its authority, and nothing in the record would support such a conclusion. Consequently, Asifo's contention that the district court should have departed pursuant to USSG §§ 5H1.4 and 5K2.20 may not be considered on appeal.

Finally, Asifo asserts that this case should be remanded for resentencing in light of Pepper v. United States, 131 S. Ct. 1229 (2011), for the district court to consider his post-conviction rehabilitation. However, Asifo's reliance Pepper is misplaced. In any event, the district court considered Asifo's declarations of remorse, and we conclude that they are insufficient to render his sentence substantively unreasonable.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4